IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROY ROACH,

    Petitioner,                                 No. 2:11-cv-2286 KJM JFM P

    vs.

R. HILL, Warden,                        ORDER TO SHOW CAUSE AND

    Respondent.                          FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is serving a sentence of nineteen years to life in prison following his 1988 conviction on charges of second degree murder and robbery. Petitioner challenges a 2009 decision of the California Board of Parole Hearings (Board) to deny him a parole date for a period of three years. Petitioner claims that his rights under the Eighth and Fourteenth Amendments were violated because the denial of parole was not supported by sufficient evidence and caused him to remain in an unconstitutionally overcrowded prison system; that the denial of parole violates the Eighth Amendment by requiring him to serve a prison sentence disproportionate to his commitment offense; that the denial of parole violates the Double Jeopardy Clause of the Fifth Amendment; that the application of Proposition 9, some-times called Marsy's Law, at the 2009 hearing violated the Ex Post Facto Clause of the United

States Constitution; and that the denial of parole violated his plea agreement.[1]  This matter is before the court on respondents' motion to dismiss pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules).  Petitioner opposes the motion.

## ANALYSIS

Rule 4 of the Habeas Rules requires a judge to summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  A motion for summary dismissal pursuant to Rule 4 of the Habeas Rules is an appropriate motion in habeas proceedings.  See O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990).

I.  Statute of Limitations

Respondent's first contention is that this action is barred by the statute of limitations.  Section 2244(d) of Title 28 of the United States Code provides in relevant part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> ... or
>
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d).  The limitation period is tolled "during the pendency of a 'properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim.'"  Redd v. McGrath, 343 F.3d 1077, 1081 (quoting 28 U.S.C. § 2244(d)(2)).

---

[1] Petitioner also claims violations of state law, but state law claims are not cognizable in this federal habeas corpus action.  See Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985).

For this action, which challenges the denial of parole, § 2244(d)(1)(D) controls the question of when the limitation period commenced. Redd at 1085. The following facts are relevant to disposition of this part of respondent's motion.

1. On May 26, 2009, the Board of Prison denied petitioner parole for a period of three years. Ex. 1 to Motion to Dismiss at Decision page 1. The decision became final on September 28, 2009. Id. at Decision page 10.

2. On October 22, 2009, petitioner filed a petition for writ of habeas corpus in the Sacramento County Superior Court. Ex. K to Petitioner's Opposition to Motion to Dismiss, filed December 1, 2011. By order filed December 14, 2009, that petition was transferred to the San Joaquin County Superior Court. Id.

3. On January 28, 2010, the San Joaquin County Superior Court denied without prejudice a habeas corpus petition filed by petitioner which challenged the May 26, 2009 denial of parole at issue in this action. Ex. I to Petitioner's Opposition. In the order, the court stated that the petition had been filed on January 26, 2010. Id.

4. On June 8, 2010, the San Joaquin County Superior Court denied a petition for writ of error coram nobis filed by petitioner. Ex. J to Petitioner's Opposition. In the order, the court stated that the petition had been filed on June 3, 2010. Id.

5. On August 19, 2010, the California Court of Appeal for the Third Appellate District denied a petition for writ of habeas corpus filed by petitioner "without prejudice to filing of a complete petition in the superior court." Ex. O to Petitioner's Opposition.

6. On September 15, 2010 and September 27, 2010, petitioner filed petitions for writ of habeas corpus in the San Joaquin County Superior Court. Ex. Q to Petitioner's Opposition. Those petitions were denied by order filed October 5, 2010. Id.

7. On November 15, 2010, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal for the Third Appellate District. Ex. R to Petitioner's Opposition. That petition was denied by order filed November 19, 2010. Id.

8. On December 23, 2010, petitioner filed a petition for writ of habeas corpus in the California Supreme Court. Id. That petition was denied on June 8, 2011. Id.

9. On or about August 24, 2011, petitioner signed and dated the petition for writ of habeas corpus entered on the docket in this action on August 29, 2011.

In support of their motion, respondent contends that the limitation period began to run on May 26, 2009, that petitioner did not file a habeas corpus petition in the state courts until September 15, 2010. and, therefore, that the one year limitation period ran before he filed his first state petition.  Respondent's argument is without merit.

First, arguably, the statute of limitations did not start running until September 28, 2009, when the Board's decision became final.  Even if the limitation period did start running on May 26, 2009, petitioner has presented evidence that he filed his first state habeas petition on October 22, 2009, and a subsequent petition thereafter on January 26, 2010 in the state superior court, as well as a petition for writ of error coram nobis in the superior court and a petition for writ of habeas corpus in the state court of appeals, all before September 15, 2010.  Respondent has not addressed any of these petitions in the motion to dismiss.

It would appear from the evidence presented by petitioner that the statute of limitations was tolled starting on October 22, 2009, for some period of time.   Respondent has not addressed the operative effect of the evidence tendered by petitioner in opposition to the motion. In light of that evidence, the court cannot find the action time-barred on the ground advanced by respondent.  For that reason, the court will recommend this part of respondent's motion be denied.

II. Petitioner's Claims

   A. Sufficiency of Evidence to Support the Board's Decision

In his first, second, third, and eighth claims for relief, petitioner contends that the 2009 denial of parole violated his federal constitutional rights because it was not supported by

/////

sufficient evidence.  Respondent seeks dismissal of the claims based on this contention, contending they are not cognizable.

The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law.  A litigant alleging a due process violation must first demonstrate that he was deprived of a liberty or property interest protected by the Due Process Clause and then show that the procedures attendant upon the deprivation were not constitutionally sufficient.  Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 459-60 (1989).

A protected liberty interest may arise from either the Due Process Clause of the United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an expectation or interest created by state laws or policies."  Wilkinson v. Austin, 545 U.S. 209, 221 (2005) (citations omitted).  See also Board of Pardons v. Allen, 482 U.S. 369, 373 (1987). The United States Constitution does not, of its own force, create a protected liberty interest in a parole date, even one that has been set.  Jago v. Van Curen, 454 U.S. 14, 17-21 (1981); Greenholtz v. Inmates of Neb. Penal, 442 U.S. 1, 7 (1979) (There is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence.").  However, "a state's statutory scheme, if it uses mandatory language, 'creates a presumption that parole release will be granted' when or unless certain designated findings are made, and thereby gives rise to a constitutional liberty interest."  Greenholtz, 442 U.S. at 12.  See also Allen, 482 U.S. at 376-78.

California's parole statutes give rise to a liberty interest in parole protected by the federal due process clause.  Swarthout v. Cooke, 131 S. Ct. 859, 861 (2011).  In California, a prisoner is entitled to release on parole unless there is "some evidence" of his or her current dangerousness.  In re Lawrence, 44 Cal.4th 1181, 1205-06, 1210 (2008); In re Rosenkrantz, 29 Cal.4th 616, 651-53 (2002).  However, in Swarthout the United States Supreme Court held that "[n]o opinion of [theirs] supports converting California's 'some evidence' rule into a substantive

federal requirement." <u>Swarthout</u>, 131 S. Ct. at 862.  Rather, the protection afforded by the federal due process clause to California parole decisions consists solely of the "minimal" procedural requirements set forth in <u>Greenholtz</u>, specifically "an opportunity to be heard and . . . a statement of the reasons why parole was denied." <u>Id</u>.

Here, it is plain from the record that petitioner was present at the 2009 parole hearing, that he participated in the hearing, and that he was provided with the reasons for the Board's decision to deny parole. <u>See</u> Ex. 1 to Respondents' Motion to Dismiss.  According to the United States Supreme Court, the federal due process clause requires no more.  These claims must therefore be dismissed.

### B. <u>Conversion of Petitioner's Sentence</u>

In his fourth claim, petitioner contends, <u>inter alia</u>, that his sentence has been converted to life without the possibility of parole.  Respondent contends this claim must be dismissed as "patently false." Motion to Dismiss, filed October 28, 2011, at 4.  The denial of parole does not convert petitioner's sentence to life without possibility of parole.  This claim must be dismissed.

### C. <u>Double Jeopardy/Eighth Amendment/Violation of Plea Agreement</u>

As noted above, petitioner claims that the denial of parole violated the proscription against double jeopardy (Ground V), his plea agreement (Ground VII), and his rights under the Eighth Amendment (Ground IV).  Although respondent has not sought dismissal of these claims, it is plain that petitioner is not entitled to relief on any of them in this court.

In relevant part, the Fifth Amendment protects individuals "against a second prosecution for the same offense after conviction, and against multiple punishments for the same offense." <u>Mayner v. Callahan</u>, 873 F.2d 1300 (9th Cir. 1989) (citing <u>North Carolina v. Pearce</u>, 395 U.S. 711, 717 (1969).  The denial of parole is not the result of a second prosecution, nor does it run afoul of the proscription against multiple punishments for the same offense.  This claim must be dismissed.

1    The Eighth Amendment proscribes punishments that are "grossly
2 disproportionate" to the offense.  <u>Ewing v. California</u>, 538 U.S. 11, 23 (2003).  The denial of
3 parole does not make petitioner's punishment disproportionate to his commitment offense of
4 second degree murder and robbery.  This claim must be dismissed.
5    Finally, petitioner contends that the denial of parole violates his plea agreement
6 because it was his understanding at the time he entered his plea that he was being sentenced to a
7 life term that included the possibility of parole and that the Board would therefore "establish a
8 'uniform term of commitment' proportionate to the severity and gravity of his offense."  Petition,
9 filed August 29, 2011, at 59.  Petitioner's sentence has not been changed by the denial of parole,
10 nor does the denial constitute a breach of a plea agreement that included a life term with the
11 possibility of parole.  This claim should be dismissed.
12    D.  <u>Ex Post Facto Violation</u>
13    In his sixth claim, petitioner claims that the Board violated the Ex Post Facto
14 Clause by applying to him an increased time between parole hearings in accordance with the
15 provisions of Proposition 9, also known as Marsy's Law, enacted into law in California in
16 November 2008.  Respondent seek dismissal of this claim as without merit.  The record reflects
17 that petitioner received a three year denial of parole in 2009.  It is now 2012.  Even assuming
18 arguendo petitioner were entitled to relief on this claim, the proper remedy would be a parole
19 hearing sooner than three years after his last denial of parole.  Good cause appearing, the parties
20 will be ordered to show cause in writing why this claim has not been mooted by the passage of
21 time.
22    In accordance with the above, IT IS HEREBY ORDERED that within fourteen
23 days from the date of this order the parties shall show cause in writing, if any they have, why
24 petitioner's sixth claim, in which he contends that the application of Marsy's Law at his 2009
25 parole hearing violated the Ex Post Facto Clause, should not be dismissed as moot; and
26 /////

IT IS HEREBY RECOMMENDED that:

1. Respondent's October 28, 2011 motion to dismiss be denied as to respondent's contention that this action is barred by the statute of limitations;

2. Respondent's October 28, 2011 motion to dismiss be granted as to petitioner's first, second, third, fourth and eighth claims for relief and said claims be dismissed; and

3. Petitioner's fourth, fifth, and seventh claims for relief be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 7, 2012.

_____
UNITED STATES MAGISTRATE JUDGE

12
roac2286.mtd