IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROY ROACH,

        Petitioner,                    No. 2:11-cv-2286 KJM JFM P

   vs.

R. HILL, Warden,

        Respondent.               FINDINGS AND RECOMMENDATIONS

                                     /

        Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is serving a sentence of nineteen years to life in prison following his 1988 conviction on charges of second degree murder and robbery. Petitioner challenges on several grounds a 2009 decision of the California Board of Parole Hearings (Board) to deny him a parole date for a period of three years.

        On August 8, 2012, this court issued findings and recommendations recommending dismissal of all claims except petitioner's sixth claim for relief, in which petitioner contends that the application of Proposition 9, sometimes called Marsy's Law, at the 2009 hearing violated the Ex Post Facto Clause of the United States Constitution. With respect to that claim, the parties were ordered to show cause in writing within fifteen days why that claim should not be dismissed as moot. By order filed September 10, 2012, petitioner was granted an additional period of thirty days in which to respond to the order to show cause. On September 26, 2012, the district court adopted the findings and recommendations in full and remanded the

1

matter to this court for findings and recommendations on whether petitioner's sixth claim for relief is moot and whether the district court should issue a certificate of appealability.

Neither party has responded to the order to show cause. The record reflects that the Board of Prison Hearings (BPH) denied petitioner parole for a period of three years on May 26, 2009, and that decision became final on September 28, 2009. The three year denial is the basis for petitioner's Ex Post Facto Clause claim. See Petition, filed August 29, 2011, at 52-54. More than three years have passed since the challenged decision because final. A case is moot where no effective relief is available to a party. See Doe No. 1 v. Reed, _ F.3d _, 2012 WL 5200354 (9th Cir. Oct. 23, 2012), slip op. at 2. No effective relief remains available on this claim. For that reason, it should be dismissed as moot.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he district court must issue or a deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, 28 U.S.C. foll. § 2254. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue. Fed. R. App. P. 22(b). For the reasons set forth in this court's August 8, 2012 findings and recommendations petitioner has not made a substantial showing of the denial of a constitutional right in seven of his eight claims for relief. Moreover, for the reasons set forth in these findings and recommendations his sixth claim for relief is moot. Accordingly, no certificate of appealability should issue.

In accordance with the above, IT IS HEREBY RECOMMENDED that

1. Petitioner's sixth claim for relief be dismissed as moot;

2. The Clerk of the Court be directed to enter judgment in this action in accordance with the district court's September 26, 2012 order and any order by the district court adopting these findings and recommendations; and

1                3. The district court decline to issue a certificate of appealability.

2                These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 1, 2012.

_____
UNITED STATES MAGISTRATE JUDGE

12
roac2286.dm

3